## Commonwealth v. Morton.

(Decided November 23, 1911.)

### Appeal from Hopkins Circuit Court.

Banks and Banking—Report of Bank Officers—Insufficient—When Officer Not Liable for False Swearing.—The information which the form of report now in use by banks in this State as to the condition of the bank's affairs is insufficient, and a bank official is not guilty of false swearing because he gave incorrect information under oath as to the condition of the bank's affairs which he at the time believed to be true.

J. W. L. GRAYOT and JAS. BREATHITT, Attorney General for appellant.

W. J. COX for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Certifying.

An indictment was returned in the Hopkins Circuit Court charging Burr Morton with the crime of false swearing. To that indictment he entered a plea of not guilty, a trial was had, and at the conclusion of the evi-

dence the court directed a verdict for the defendant, which was done. Conceiving that this was error, the Commonwealth prayed and was granted an appeal, and here challenges the correctness of that ruling.

The defendant was the president of the First State Bank of Nortonville, and as such, on October 12, 1909, swore to a report of the bank's condition on October 2, 1909, in which report it was stated that the highest amount of indebtedness of any stockholder, person, company or firm (including in the liability of the company or firm the liability of the individual members thereof), directly or indirectly, was $3,700. The indictment charges that on said date one A. W. Brasher was indebted to the bank in a sum in excess of that amount, and that this fact was fell known to the president at the time he made and swore to said statement.

It appears from the evidence that, prior to October 2, 1909, the said Brasher had discounted to said bank a note for $4,500, and had received the net proceeds thereof, amounting to $4,140; that thereafter, and before October 2, 1909, it was endorsed and rediscounted to the F. W. Cook Brewing Co., of Evansville, Indiana; and that on October 2nd, 1909, the date for which the report was made, the Brewing Company held and owned said note. It was not shown that on either October 2nd or 12th, 1909, anyone else was indebted to the bank in a sum in excess of $3,700. The court was of opinion, on this showing, that the president was not guilty of false swearing when he stated that the highest amount of indebtedness of anyone, etc., to the bank was $3,700. It is of this ruling that the Commonwealth's Attorney complains.

It is insisted that if Brasher failed to pay this note at maturity and the Brewing Company complied with the statutory requirements as to notice, etc., the Brewing Company could look to the bank for payment, and hence, although this paper was rediscounted to the Brewing Company, it was still indirectly an indebtedness on the part of Brasher to this bank. This contention is not sound if we give to the word "indebtedness" its usually accepted meaning. Webster, in his New International Dictionary, defines indebtedness to be the "state of being indebted; the sum owed; debts collectively." And the same author defines a debt to be "that which is due from one person to another, whether money, goods or services; that which one person is

bound to pay to another or to perform for his benefit; thing owed, obligation, liability.'' It cannot be said that Brasher was indebted to the Nortonville bank in any sum whatever after the note evidencing this debt had been sold and assigned or transferred to the Indiana Institution. The assignment of the note transferred the debt to that institution and the Nortonville bank had no further right to or interest in it. It is true, that if Brasher failed to pay his note when due, the Indiana institution might have made the Nortonville bank responsible for its payment by complying with the statutory provisions as to notice, diligence, etc. But such an indebtedness on the part of Brasher to the Nortonville bank would not have been based upon the note which Brasher executed to the Nortonville bank and which was later assigned by it to the Indiana institution, but would have been rested upon that equitable principle which permits an endorser to recover from the maker any sum of money which he may have been required to pay for him. As there is no charge that the Nortonville bank had, at the date for which this statement called, or upon the date upon which it was made, been required to pay any sum whatever to the Indiana institution because of Brasher's default, we are of opinion that the president, the appellee here, did not violate the law in failing to treat this particular note as an indebtedness to his bank. It was not such. By rediscounting this note the Nortonville bank may have assumed a liability for Brasher which it would have ultimately to pay; but this act did not create a liability on the part of Brasher to the Nortonville bank.

It is readily seen that the whole trouble grows out of the fact that the report required by the Secretary of State is not as full, complete and explicit as it should have been. It is apparent that new and additional legislation is needed upon the subject of control of state banks. Their officers should be required to observe more strictly the statutory provisions now in force regulating same. And additional laws should be enacted so as to more perfectly safeguard the rights of depositors and stockholders as well. Conceding that the report, as called for, was correctly made out and each answer therein truthfully made by the bank's officers, yet one could not from this report have learned that the officials of this bank were violating that provision of the statute which prohibits them from lending to any individual,

firm, corporation or partnership, a sum in excess of twenty per cent. of its capital and surplus. The very purpose of these reports is to enable the State officials having in charge the supervision of banks to know how the bank's business is being conducted, and the reports required should be sufficiently full and explicit to give this information. The information which the form of report now in use requires to be given is insufficient. But the charge in this case is not that appellee failed to disclose the true condition of the bank's affairs upon the date upon which the report was made, but that he was guilty of false swearing in making the statement he did as to this particular item.

We are of opinion that the evidence failed to support the contention of the Commonwealth, and the trial judge correctly directed an acquittal. This opinion is ordered certified as the law of the case.